RODNEY NAKANO, Individually and as representative of a class of Hawaii County Employees required to make certain financial disclosures, Plaintiff-Appellant, *v.* HERBERT MATAYOSHI, Individually and as Mayor of the County of Hawaii; and the COUNTY OF HAWAII BOARD OF ETHICS, Defendants-Appellees

NO. 10153

(CIVIL NO. 9440)

SEPTEMBER 11, 1985

NAKAMURA, ACTING C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND INTERMEDIATE APPELLATE COURT CHIEF JUDGE BURNS, IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY NAKAMURA, J.

Article XIV of the Hawaii Constitution directs "each political subdi-

The amended code of ethics compels "regulatory employees" to reveal to the Board of Ethics: (1) the source, nature, and amount of income of $1,000 or more, (2) the names of creditors to whom the sum of $3,000 or more was owed, (3) the amount and identity of ownership and beneficial interests held, (4) service as officers, directors, trustees, or fiduciaries of any business, (5) real property interests in the County valued at $5,000 or more, (6) the amount and identity of creditor interests in an insolvent business with a value of $5,000 or more, and (7) the names of clients represented before County agencies for a fee or compensation. Hawaii County Code § 2-91.1(c)(1) to (7). But the income and interests need not be declared in exact amounts. Hawaii County Code § 2-91.1(c)(8). They are reportable in the following ranges: $1,000 to $9,999; $10,000 to $24,999; $25,000 to $49,999; $50,000 to $99,999; $100,000 to $149,000; and $150,000 or more. *Id.*[5] Though the disclosures must be filed biennially, the reporting period for each filing is the preceding calendar year. Hawaii County Code § 2-91.1(c)(1) to (7).

Shortly before the initial disclosures required by the amended ethics code were due, Rodney Nakano brought a class action seeking to have it declared unconstitutional and its enforcement against "regulatory employees" enjoined. As the putative representative of the seventy employees within the code's definition of "regulatory employees," Nakano, a planner employed by the County's planning department, sued the Mayor of Hawaii County and its Board of Ethics. The class on whose behalf he sued was composed of inspectors employed by the departments of public works and water supply, liquor control investigators, real property tax appraisers, the supervisors of the foregoing employees, buyers and purchasing agents, planners employed by the planning department, and the legislative auditor. *See supra* note 2.

As we observed, the plaintiff alleged the code's disclosure provisions breached article I, sections 5 and 6 of the Hawaii Constitution. The code, he averred, "violates Article I, Section 6, . . . which provides . . . that 'the right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest,'" by requir-

---

[5]The disclosure requirements have been further simplified. Pursuant to an amendment to the code made by Ordinance No. 85-35, income and interest are reported by the use of letter designations for the monetary ranges.

ing "certain employees and officials . . . [to] make disclosures of their personal and private financial information." He further averred the code "violates Article I, Section 5, . . . which provides . . . that persons 'shall not be denied equal protection of the law,' and that 'no person shall be deprived of life, liberty or property without due process of law;'" because it "does not require certain other employees . . . to make disclosures of their personal and private financial information."

The defendants denied the principal averments of the complaint and challenged the plaintiff's capacity to maintain a class action. They then moved for summary disposition of the case, and the plaintiff followed with his motion for summary judgment. But before the motions were decided, an order establishing the plaintiff's suit as a class action was entered by the circuit court. Subsequently, the court awarded summary judgment to the defendants, and the plaintiff appeals.

## II.

Since both the plaintiff and the defendants sought summary disposition of the case and the appeal is from the award of summary judgment to the defendants, the challenge of the code's disclosure provisions is essentially a facial challenge. The plaintiff argues that rights guaranteed under the Constitution of the State of Hawaii have been infringed and the circuit court erred by not employing "the strict scrutiny test" in judging the constitutionality of the disclosure provisions. He claims the right to privacy embodied in article I, section 6, for one, has been abridged. We begin our analysis of the issues by considering the nature of that right.

## A.

The right in question was written into the Hawaii Constitution during the most recent decennial review of the State's fundamental law. Thus, article I, section 6 now reads: "The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest. The legislature shall take affirmative steps to implement this right." The proposal to expressly acknowledge the "right of

The amended code of ethics compels "regulatory employees" to reveal to the Board of Ethics: (1) the source, nature, and amount of income of $1,000 or more, (2) the names of creditors to whom the sum of $3,000 or more was owed, (3) the amount and identity of ownership and beneficial interests held, (4) service as officers, directors, trustees, or fiduciaries of any business, (5) real property interests in the County valued at $5,000 or more, (6) the amount and identity of creditor interests in an insolvent business with a value of $5,000 or more, and (7) the names of clients represented before County agencies for a fee or compensation. Hawaii County Code § 2-91.1(c)(1) to (7). But the income and interests need not be declared in exact amounts. Hawaii County Code § 2-91.1(c)(8). They are reportable in the following ranges: $1,000 to $9,999; $10,000 to $24,999; $25,000 to $49,999; $50,000 to $99,999; $100,000 to $149,000; and $150,000 or more. *Id.*[5] Though the disclosures must be filed biennially, the reporting period for each filing is the preceding calendar year. Hawaii County Code § 2-91.1(c)(1) to (7).

Shortly before the initial disclosures required by the amended ethics code were due, Rodney Nakano brought a class action seeking to have it declared unconstitutional and its enforcement against "regulatory employees" enjoined. As the putative representative of the seventy employees within the code's definition of "regulatory employees," Nakano, a planner employed by the County's planning department, sued the Mayor of Hawaii County and its Board of Ethics. The class on whose behalf he sued was composed of inspectors employed by the departments of public works and water supply, liquor control investigators, real property tax appraisers, the supervisors of the foregoing employees, buyers and purchasing agents, planners employed by the planning department, and the legislative auditor. *See supra* note 2.

As we observed, the plaintiff alleged the code's disclosure provisions breached article I, sections 5 and 6 of the Hawaii Constitution. The code, he averred, "violates Article I, Section 6. . . which provides that 'the right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest,'" by requir-

---

[5]The disclosure requirements have been further simplified. Pursuant to an amendment to the code made by Ordinance No. 85-35, income and interest are reported by the use of letter designations for the monetary ranges.

ing "certain employees and officials . . . [to] make disclosures of their personal and private financial information." He further averred the code "violates Article I, Section 5, . . . which provides . . . that persons 'shall not be denied equal protection of the law,' and that 'no person shall be deprived of life, liberty or property without due process of law;'" because it "does not require certain other employees . . . to make disclosures of their personal and private financial information."

The defendants denied the principal averments of the complaint and challenged the plaintiff's capacity to maintain a class action. They then moved for summary disposition of the case, and the plaintiff followed with his motion for summary judgment. But before the motions were decided, an order establishing the plaintiff's suit as a class action was entered by the circuit court. Subsequently, the court awarded summary judgment to the defendants, and the plaintiff appeals.

## II.

Since both the plaintiff and the defendants sought summary disposition of the case and the appeal is from the award of summary judgment to the defendants, the challenge of the code's disclosure provisions is essentially a facial challenge. The plaintiff argues that rights guaranteed under the Constitution of the State of Hawaii have been infringed and the circuit court erred by not employing "the strict scrutiny test" in judging the constitutionality of the disclosure provisions. He claims the right to privacy embodied in article I, section 6, for one, has been abridged. We begin our analysis of the issues by considering the nature of that right.

## A.

The right in question was written into the Hawaii Constitution during the most recent decennial review of the State's fundamental law. Thus, article I, section 6 now reads: "The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest. The legislature shall take affirmative steps to implement this right." The proposal to expressly acknowledge the "right of

the people to privacy" was offered by the Committee on Bill of Rights, Suffrage and Election of the Constitutional Convention of Hawaii of 1978. After reviewing the privacy provision in the Hawaii counterpart of the Fourth Amendment, the committee reported "it would be appropriate to retain [this] privacy provision . . . but limit its application to criminal cases, and create a new section as it relates to privacy in the informational and personal autonomy sense." Stand. Comm. Rep. No. 69, in Proceedings of the Constitutional Convention of Hawaii of 1978 (Proceedings), Vol. I, at 674.

The recommendation to recognize "privacy in the informational and personal autonomy sense" as a constitutional right was the subject of lengthy debate by the convention, sitting as a committee of the whole. *See* Proceedings, Vol. II, at 628-44. A committee report reflecting the consensus of the assembly was adopted thereafter, which in relevant part said:

> By amending the Constitution to include a separate and distinct privacy right, it is the intent of your Committee to insure that privacy is treated as a fundamental right for purposes of constitutional analysis. Privacy as used in this sense concerns the possible abuses in the use of highly personal and intimate information in the hands of government or private parties but is not intended to deter the government from the legitimate compilation and dissemination of data. More importantly, this privacy concept encompasses the notion that in certain highly personal and intimate matters, the individual should be afforded freedom of choice absent a compelling state interest. This right is similar to the privacy right discussed in cases such as *Griswold v. Connecticut,* 381 U.S. 479 (1965), *Eisenstadt v. Baird,* 405 U.S. 438 (1972), *Roe v. Wade,* 410 U.S. 113 (1973), etc.

Comm. Whole Rep. No. 15, in Proceedings, Vol. I, at 1024.

Privacy in the "personal autonomy" sense was an issue in *State v. Mueller,* 66 Haw. 616, 671 P.2d 1351 (1983), since the appellant contended her decision to engage in sexual intercourse for a fee in her home was an intimate decision subject to protection under article I, section 6. But we have had no occasion to pass on the scope of the right to privacy in the "informational" sense. Inasmuch as the government's attempt to secure information concerning the financial affairs of its employees is the subject of the constitutional challenge here, we focus on the yet undefined aspect of the right encompassed by article I, section 6.

"The [decisions of the Supreme Court] sometimes characterized as protecting 'privacy' have in fact involved at least two different kinds of interests.[6] One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Whalen v. Roe,* 429 U.S. 589, 598-600 (1977) (footnotes 25 and 26 omitted). We think the convention meant to protect the first interest described above when it spoke of privacy in the "informational" sense. And we can only conclude from the committee reports cited earlier that the people of Hawaii have a legitimate expectation of privacy where their personal financial affairs are concerned.

Yet, we cannot say an employee of the State or any of its political subdivisions may reasonably expect that his interest in avoiding disclosure of his financial affairs is protected to the same extent as that of other citizens, for the convention that proposed an affirmation of "the right to confidentiality"[7] also authored constitutional language subjecting him to a code of ethical conduct. *See supra* note 1. Consequently, the constitution now compels him to "make confidential financial disclo-

---

[6]Footnote 24 in the Supreme Court opinion, which appears at this point of the text, reads a follows:

Professor Kurland has written:

"The concept of a constitutional right of privacy still remains largely undefined. There are at least three facets that have been partially revealed, but their form and shape remain to be fully ascertained. The first is the right of the individual to be free in his private affairs from governmental surveillance and intrusion. The second is the right of an individual not to have his private affairs made public by the government. The third is the right of an individual to be free in action, thought, experience, and belief from governmental compulsion." The private I, the University of Chicago Magazine 7, 8 (autumn 1976). The first of the facets which he describes is directly protected by the Fourth Amendment; the second and third correspond to the two kinds of interests referred to in the text.
429 U.S. at 599.

[7]In Plante v. Gonzalez, 575 F.2d 1119, 1132 (5th Cir. 1978), the court said "[f]inancial privacy [was] not within the [personal] autonomy branch of the right to privacy." But it went on to say:
    There is another strand to the right to privacy properly called the right to confidentiality. See Gerety, Redefining Privacy, 12 Har.Civ.R.Civ.L.Rev. 233 (1977). The Supreme Court has defined this branch as "the individual interest in avoiding disclosure of personal matters". *Whalen v. Roe,* 429 U.S. at 599, 97 S. Ct. at 876.
*Id.* at 1132 (underscoring added).

sures" if he is a public official with "significant discretionary or fiscal powers." *Id.* Moreover, these disclosures must "include, but not be limited to, sources and amounts of income, business ownership, officer and director positions, ownership of real property, debts, creditor interests in insolvent businesses and the names of persons represented before government agencies." *Id.*

That any expectation of financial privacy a public official in the above category may have possessed has been qualified by Article XIV needs no belaboring. Our task then is to determine whether the "regulatory employees" are "officials having significant discretionary or fiscal powers," and if they are, whether the disclosure requirements imposed upon them are consistent with Article XIV.[8]

### B.

The plaintiff maintains the defendants "did not state in the lower court that . . . the regulatory employees . . . have either significant discretionary or fiscal power." The record, however, contains evidence presented through affidavits and civil service position descriptions of the responsibilities of the employees in question and their exercise of independent judgment that is not readily reviewable or their authority to expend substantial sums on behalf of the County. This evidence was uncontroverted, since the plaintiff only attempted to demonstrate there were other employees with discretionary authority who had not been subjected to financial disclosures.[9] Furthermore, the plaintiff averred

---

[8] As we noted at the outset the appellant claims article I, sections 5 and 6 of the Hawaii Constitution were breached. He does not argue that rights protected by the United States Constitution were impinged.

[9] Rule 56(e) of the Hawaii Rules of Civil Procedure states:

Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate,

there were no disputed questions of material fact in seeking summary judgment. We therefore turn to the demands made of the plaintiff class by the ethics code to decide whether its disclosure provisions are compatible with Article XIV.

## C.

As we noted, members of the class on whose behalf suit was brought are forced to reveal information with respect to their financial affairs under penalty of law. Hawaii County Code § 2-91.1(d)(1), as amended. What must be revealed is set forth in Hawaii County Code § 2-91.1(c)(1) to (7), as amended, and these provisions parallel the informational categories delineated in Article XIV.[10] Reading the requirements of the ethics code in the light of the command that certain public officials "shall make confidential financial disclosures," we perceive no inconsistency between the code's demands and the constitutional provision.

Though the code more fully describes information subject to reporting, it does not expand the particular areas where the framers of Article XIV contemplated there should be disclosure. For example, § 2-91.1(c)(1) does not make all sources and amounts of income reportable; it narrows the scope of disclosure here to "income of $1000 or more." In similar fashion, § 2-91.1(c)(2) directs the revelation of the names of creditors "to whom the value of $3,000 or more was owed during the preceding calendar year and the original amount and the amount outstanding."[11] Moreover, § 2-91.1(c)(8) does not require that

---

shall be entered against him.

In view of the plaintiff's failure to controvert the evidence presented by way of the affidavits and the exhibits submitted by the defendants, there is no basis for his assertion that the defendants "did not state . . the regulatory employees . . . have either significant discretionary or fiscal power."

[10]Article XIV lists seven categories of information that must be covered by the disclosures: sources and amounts of income, business ownership, officer and director positions, ownership of real property, debts, creditor interests in insolvent businesses and the name of persons represented before government agencies. Hawaii County Code § 2-91.1(c)(1) to (7) delineate the same informational categories but describe them more fully.

[11]Hawaii County Code § 2-91.1(c)(1) provides that the disclosures of financial interests shall state:

the financial information be submitted in exact figures; it permits amounts to be reported in given ranges.[12] And the "financial disclosure statements required [of the 'regulatory employees' are] confidential and accessible only by action of the board of ethics." Hawaii County Code § 2-91.1(e). The intrusion into financial privacy here is consistent in all respects with the diminished privacy public officials may reasonably expect.

### III.

But the plaintiff also claims the county legislation does not afford "regulatory employees" equal protection of the laws because financial disclosure requirements have not been extended to other officials vested with discretionary powers. He maintains the circuit court was obliged to subject the relevant code provisions to "strict scrutiny" and such an inquiry could only have led to a conclusion that the "regulatory employees" were denied equal protection.

### A.

Whenever a denial of equal protection of the laws is alleged, as a rule our initial inquiry has been whether the legislation in question should be subjected to "strict scrutiny" or to a "rational basis" test. *Nagle v. Board of Education,* 63 Haw. 389, 392, 629 P.2d 109, 111 (1981). The former has been applied where fundamental rights or "suspect" classifications are implicated in the challenge of the legislation on equal protection

---

(1) The source, nature, and amount of all income of $1,000 or more received during the preceding calendar year; provided that information that may be privileged by law need not be disclosed.

Section 2-91.1(c)(2) requires the disclosure to include:

(2) The name of each creditor to whom the value of $3,000 or more was owed during the preceding calendar year and the original amount and amount outstanding; provided that debts arising out of retail installment transactions for the purchase or [sic] consumer goods need not be disclosed.

[12]Hawaii County Code § 2-91.1(c)(8) reads:

(8) Where an amount is required to be reported, the person disclosing may indicate whether the amount is at least $1,000 but less than $10,000; at least $10,000 but less than $25,000; at least $25,000 but less than $50,000; at least $50,000 but less than $100,000; at least $100,000 but less than $150,000; or $150,000 or more. An amount of stock may be reported by the number of shares.

grounds. *Id.* at 392, 629 P.2d at 112. Otherwise, "this court has tradition-ally employed the rational basis test [in assessing the constitutionality of the challenged legislation]. *State v. Cotton,* 55 Haw. 148, 150, 516 P.2d 715, 717 (1973); *State v. Johnston,* 51 Haw. 195, 203, 456 P.2d 805, 810 (1969)." *Id.* at 393, 629 P.2d at 112.

We do not see that we are considering a right basic in the concept of liberty embodied in the Hawaii Constitution, for "the right to work at least with respect to government employment, is not fundamental." *Id.* at 399-400, 629 P.2d at 116; *Cf. Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 313 (1976) (The "Court's decisions give no support to the proposition that a right of governmental employment *per se* is fundamental."). And of course, we have decided a public official's interest in avoiding disclosure of personal matters has been qualified by Article XIV; that interest, therefore, can hardly be deemed basic.

Nor do we see that the disclosure requirements are directed at a "suspect" classification. We realize "prejudice against discrete and insu-lar minorities . . . may call for a . . . searching judicial inquiry." *United States v. Carolene Products Co.,* 304 U.S. 144, 152-53 n.4 (1938). Yet we have no cause to think "public officials having significant discretionary or fiscal powers" constitute a minority "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or rele-gated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 28 (1973), *quoted in Nagle v. Board of Education,* 63 Haw. at 392 n.2, 629 P.2d at 112 n.2. Thus, we proceed with the task of determining "whether the classifications drawn in [the ethics code] are reasonable in light of its purpose." *McLaughlin v. Florida,* 379 U.S. 184, 191 (1964).

B.

The plaintiff complains the "regulatory employees" have been bur-dened with disclosure while other officials with significant discretionary authority have not. In other words, the claim of constitutional infirmity here is one of "underinclusiveness." "Underinclusive classifications do not include all who are similarly situated with respect to a rule, and thereby burden less than would be logical to achieve the intended government end." L. Tribe, *American Constitutional Law* 997 (1978). True, others with discretionary powers have not been subjected to

financial disclosure. The decision of the Hawaii County Council not to classify other officials as "regulatory employees," however, is not one so lacking in logic that it vitiates the ethics code.

The unassailable purpose of the code is the promotion of high standards of conduct among public officers and employees. Its particular objectives obviously include the deterrence of corrupt conduct and conflicting interests. Yet, "[e]vils in the same field may be of different dimensions and proportions, requiring different remedies." *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 489 (1955). "Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." *Id.* (citation omitted). And equal protection does not mean government "must choose between attacking every aspect of a problem or not attacking the problem at all. *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61." *Dandridge v. Williams,* 397 U.S. 471, 486-87 (1970).

Here, there was a directive that the ethics code include provisions requiring confidential financial disclosures of "officials having significant discretionary or fiscal powers." Haw. Const. art. XIV. Following the mandate the County Council designated the "regulatory employees" as those from whom confidential disclosures would be sought, presumably because they were the employees who possessed such powers. Nothing in the record tells us this act of the Council would not further the purpose of the code in a rational manner. That others seemingly with authority of somewhat similar character were not included in the class gives us no reason to invalidate the disclosure provisions, especially where the constitutional challenge is a facial one. "[A] party assailing a classification . . . has the burden of showing, with convincing clarity that the classification does not rest upon some ground of difference having a fair and substantial relation to the object of the legislation." *Nelson v. Miwa,* 56 Haw. 601, 605, 546 P.2d 1005, 1008 (1976) (citations and footnote omitted).

Since the plaintiff has not met his "burden of showing unconstitutionality beyond a reasonable doubt,"[13] *Schwab v Ariyoshi,* 58 Haw. 25, 31, 564 P.2d 135, 139 (1977) (citations omitted), the circuit court's award of summary judgment to the defendants is affirmed.

*Charles K. Y. Khim* for appellant.

*Christopher J. Yuen,* Deputy Corporation Counsel, for appellees.

---

[13] We also find plaintiff's claims of due process violations are devoid of any merit.